# Illinois Southern Railway Company v. Salem Antoon.

1. COMMON CARRIER—*when liable as common bailee for loss of baggage.* When a person under pretense of having baggage transported places in the hands of the agent of a railroad company merchandise or other valuables, without notifying him of its character and value, he practices a fraud upon the company which will prevent his recovery in case of loss, except it occurs through gross negligence.

Action commenced before justice of the peace. Appeal from the Circuit Court of Marion County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

F. M. TRISSAL, R. J. GODDARD and L. M. KAGY, for appellant.

LOGAN B. SKIPPER, ALBERT D. RODENBERG and CHARLES H. HOLT, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace of Marion county, by appellee against appellant, to recover for certain articles of merchandise stolen from a "telescope" in the waiting room of appellant's passenger station at Salem, Illinois. From the judgment rendered by the justice the case was appealed to the Circuit Court, where it was tried by a jury, resulting in a verdict and judgment in favor of appellee for $195.

Appellee, a peddler, appeared at appellant's station in Centralia, with two pieces of baggage, a trunk and a telescope, and purchased a ticket from Centralia to Salem. The baggage agent weighed the baggage and gave appellee a check for each piece. Upon arriving at Salem, about noon on Sunday, appellant's agent there informed appellee that he could get no train out of Salem until Monday, and told him he must take his baggage away or pay storage upon it. Appellee replied that he would leave it till Monday and went away. The agent put it in the public waiting room and left it there. Appellant had in use at that

station a "ware room," not open to the public, in which this baggage might have been stored. And the evidence tends to prove not only that the waiting room in which the baggage was placed was open to the public, during the time the agent was at the station, but that the door was left unlocked part of the time when he was away.

When appellee returned on Monday he found that his telescope had been opened, and goods stolen therefrom to the amount in value of $195.

Counsel say: "Appellant prefers to challenge appellee's right in law upon the facts shown to maintain his action," and this is the only question pressed upon us here.

Counsel contend that the failure on the part of appellee to disclose the fact that his baggage contained valuable merchandise was such fraud as "absolves appellant from all liability."

This position is not supported by authority. The law in this state is, that such fraud will absolve the carrier from the extraordinary liability of insurer, but not from all liability. "When a person under pretense of having baggage transported, places in the hands of the agent of a railroad company merchandise or other valuables, without notifying them of its character and value, he practices a fraud upon the company, which will prevent his recovery in case of loss, except it occurs through gross negligence." In such case the company becomes possessed of the property as common bailee only; for by reason of the fraud it is released from the higher obligations of common carrier, and is only bound to use that degree of care imposed by the law of common bailment. Michigan Central Railroad Company v. Carrow, 73 Ill. 348; C. & C. A. L. R. R. Co. v. Marcus, 38 Ill. 219.

Appellee's case was tried on this theory and the law was properly applied. The court gave but two instructions on his behalf. The first authorizes a finding in his favor, only in case the jury should find that appellant was guilty of gross negligence, and the second defined gross negligence to be, "want of slight care or an utter disregard of consequences in the performance of a given act."

We are of opinion that appellant's challenge to the law is not well sustained, and that the jury was warranted in its findings of fact. The judgment of the Circuit Court is affirmed.

*Affirmed.*